616 A.2d 1082

**The HOSPITAL ASSOCIATION OF PENNSYLVANIA, INC., Petitioner,**

**v.**

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania and The Pennsylvania Insurance Department, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1992.

Decided Oct. 27, 1992.

Stephen A. Madva, for petitioner.

Zella M. Smith, Dept. Counsel, for respondent.

Richard DiSalle, for amicus curiae The Ins. Federation of Pennsylvania, Inc.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and FRIEDMAN, JJ.

COLINS, Judge.

Presently before this Court are the preliminary objections filed by Constance B. Foster, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner).

On January 22, 1992, the Hospital Association of Pennsylvania, Inc. (Association) filed a petition for review which seeks declaratory and injunctive relief from Section 1797 of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1797, and its implementing regulations. Section 1797(a) of the Law provides that "[a] person or institution providing treatment, accommodations, products or services to an injured person for any injury covered by liability or uninsured and underinsured benefits or first party medical benefits...." cannot receive payment for the treatment, accommodations, products, or services in excess of 110% of what Medicare would pay for comparable services or the provider's usual and customary charge, whichever is less.[1] Section 1797(b)(1) requires insurers to contract with a peer review organization "for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary."

The petition for review contains four counts. Count I seeks a declaration that 31 Pa.Code § 69.43(b) is contrary to the Law and an injunction preventing its enforcement. Count II seeks a declaration that the definition of "usual and customary charge" at 31 Pa.Code § 69.3 is contrary to the Law and renders Section 1797(a) of the Law unconstitutional. Count II also seeks an injunction preventing the use of the definition. Count III seeks a declaration that Section 1797(b) of the Law is unconstitutionally vague and ambiguous, that it deprives physicians and patients of due process, and that it permits an

---

1. Section 1797(a) limits payment to not more than 80% of the provider's usual and customary charge when the Medicare program has not calculated payment for a particular treatment, accommodation, product, or service. If, however, acute care is provided to one with a life threatening injury at an accredited trauma center or if treatment is provided to one with a major burn injury at a burn facility meeting certain standards, payment may not exceed the usual and customary charge.

unconstitutional impairment of contract. Count III also seeks an injunction preventing the enforcement of Section 1797(b) of the Law. Count IV seeks a declaration that the lawful portions of the regulations implementing Section 1797(a) of the Law must be deemed effective retroactively, on the date Section 1797(a) took effect, April 15, 1990. Alternatively, Count IV seeks a declaration that Section 1797(a) of the Law was unconstitutional prior to the effective date of the regulations, December 2, 1991.

The Commissioner's first preliminary objection [2] alleges that this Court lacks subject matter jurisdiction, because the Association has failed to exhaust its administrative remedies. According to Paragraph 2 of the Commissioner's preliminary objections, the Association "implicitly asks the Court to set reimbursement at a level different from that set forth in Section 1797(a), as implemented by 31 Pa.Code § 69.43(b)." The Commissioner further alleges that 31 Pa.Code § 69.12(b) sets forth a procedure by which providers can seek relief from the reimbursement allowance provided by Section 1797(a) of the Law and 31 Pa.Code § 69.43(b). Pursuant to *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992), (*PARF* ), we overrule this preliminary objection.

This Court has recently ruled upon the issue raised by the Commissioner's first preliminary objection and other related issues in *PARF*, a case filed on April 28, 1992. Briefs in this matter were filed either shortly before or immediately after the filing of *PARF*. In *PARF*, the Pennsylvania Association of Rehabilitation Facilities had filed a petition for review which challenged the validity of 31 Pa.Code § 69.43(b). The Commissioner filed preliminary objections similar to the preliminary objections she has filed in the matter presently before us. Noting the similarity of the issues resolved in *PARF* and those in the matter *sub judice*, we find that the

2. "In ruling on the [Commissioner's] Preliminary Objections, this Court must accept all well-pleaded facts in the Association's Petition for Review and all inferences reasonably deducted therefrom." *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 147 Pa.Commonwealth Ct. 487, 492 n. 5, 608 A.2d 613, 616 n. 5 (1992).

well reasoned and scholarly opinion of the Honorable Dan Pellegrini in *PARF* controls the instant matter.

The Commissioner's second preliminary objection alleges that this Court lacks subject matter jurisdiction pursuant to Section 7541(c)(2) of the Declaratory Judgments Act, 42 Pa. C.S. § 7541(c)(2), which provides that declaratory relief is not available when a "[p]roceeding [is] within the exclusive jurisdiction of a tribunal other than a court." We overrule this preliminary objection, because it is, when distilled to its essence, a restatement of the first preliminary objection, and, as such, is controlled by *PARF*.

The Commissioner's third preliminary objection alleges that this Court lacks subject matter jurisdiction, because the Association did not "join all necessary, interested, and/or indispensable parties." Pursuant to *PARF*, we must also overrule this preliminary objection.

The Commissioner's fourth preliminary objection is a demurrer to Count I of the petition for review. According to Paragraph 24 of the Commissioner's preliminary objections, although Count I alleges that the reimbursement allowance is lower than the cost of providing care, "a statute is not confiscatory when an administrative remedy exists to ensure that the statute's requirements do not impact in a confiscatory manner upon particular persons or entities." Pursuant to *PARF*, we overrule this preliminary objection.

■ The Commissioner's fifth preliminary objection is a motion for more specific pleading of Paragraph 72 of the petition for review. Paragraph 29 of the Commissioner's preliminary objections alleges that Paragraph 72 of the petition for review "fails to specify what specific constitutional provision 75 Pa.C.S. § 1797(b) pertaining to peer review organizations purportedly violates, and fails to assert [the Association's] standing to raise this issue." We grant this preliminary objection, because we believe that the petition for review is insufficiently clear, thereby impairing the Commissioner's ability to prepare her defense. *Paz v. Department of Corrections*, 135 Pa.Commonwealth Ct. 162, 580 A.2d 452 (1990).

■ The Commissioner's sixth preliminary objection is a demurrer [3] to Count IV of the petition for review. According to Paragraph 33 of the Commissioner's preliminary objections, "[u]nder the law, a statute or regulation is not to be applied retroactively when it interferes with existing contractual obligations[,]" and retroactive application of the regulations implementing Section 1797(a) of the Law would impair such obligations. The Commissioner argues that "[a]pplying the implementing regulation retroactively may allow for different reimbursement levels than insurers have already provided under the provisions of Section 1797(a), thereby altering contractual rights already entered into between providers and insurers . . . ." The Commissioner also argues that neither the Law nor the regulations express an intent that the regulations be applied retroactively. The Commissioner argues finally that retroactive application of the regulations "would be an administrative and practical impossibility."

Although

[i]t is an undisputed rule of statutory construction that statutes [and regulations], other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature. . . . [, i]t is also axiomatic that administrative agencies may adopt retroactive regulations so long as they do not destroy vested rights, impair contractual obligations or violate the principles of due process of law and ex post facto laws.

*R & P Services, Inc. v. Department of Revenue,* 116 Pa.Commonwealth Ct. 230, 234–35, 541 A.2d 432, 434 (1988) (citations omitted). After reviewing the petition for review and case law, we cannot say that it is clear on the face of the petition for review that the law will not permit the regulations to be

3. "A demurrer will be sustained only when it appears, with certainty, that the law permits no recovery under the allegations pleaded." *City of Philadelphia v. Buck,* 138 Pa.Commonwealth Ct. 250, 253, 587 A.2d 875, 877, *petition for allowance of appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991).

applied retroactively. We, therefore, overrule this preliminary objection.

Accordingly, the Commissioner's first, second, third, fourth, and sixth preliminary objections are overruled, and her fifth preliminary objection, in the form of a motion for more specific pleading of Paragraph 72 of the petition for review, is granted.

## ORDER

AND NOW, this 27th day of October, 1992, the Commissioner's first, second, third, fourth, and sixth preliminary objections in the above-captioned matter are overruled, and her fifth preliminary objection, in the form of a motion for more specific pleading of Paragraph 72 of the petition for review, is granted. Petitioner has twenty (20) days from the date of this order to file an amended petition for review.