624 A.2d 270

PENNSYLVANIA ASSOCIATION OF REHABILITATION
FACILITIES, Petitioner,

v.

Constance B. FOSTER, Insurance Commissioner of the
Commonwealth of Pennsylvania and The Pennsylvania
Insurance Department, Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided April 6, 1993.

Reargument Denied May 5, 1993.

Christopher A. Lewis, for petitioner.

Gregg W. Mackuse, for respondents.

Before PALLADINO and PELLEGRINI, JJ., and WRIGHT, Senior Judge.

PALLADINO, Judge.

Presently before this court is a motion for partial summary judgment filed by the Pennsylvania Association of Rehabilitation Facilities (Association). For the reasons which follow, we deny summary judgment.

The Association is a non-profit organization representing over 150 rehabilitation facilities located in Pennsylvania. On November 27, 1991, the Association filed a petition for review in our original jurisdiction [1] challenging the validity of Section 69.43(b) of Regulation 11–91, 31 Pa.Code § 69.43(b), a final regulation duly promulgated by Constance B. Foster, the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner).[2] The Association also filed an application for special relief seeking to enjoin the Commissioner from enforcing section 69.43(b). The application was granted and a preliminary injunction was issued by order of this court on December 6, 1991.

Section 69.43(b) is one of several regulations promulgated pursuant to the medical cost containment provisions of the Act of February 7, 1990, P.L. 11, Act No. 90–6 (Act 6) [3] governing

[1]. Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a).

[2]. Cynthia M. Maleski has since succeeded Ms. Foster and is currently the Acting Insurance Commissioner of the Commonwealth of Pennsylvania.

[3]. Act 6 substantially amended the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701–1799.7.

the amount and manner in which a medical services provider can collect fees for the treatment of patients injured in automobile accidents.

The Association's petition for review contains four counts, all seeking declaratory and injunctive relief. In count I, the Association asserts that the regulation is contrary to the plain language and intent of section 1797(a) of the MVFRL. Count II alleges that the regulation constitutes a "taking" within the meaning of Article I, Section 26 of the Pennsylvania Constitution. In count III, the Association alleges that the regulation exceeds the Commissioner's statutory authority and that it was promulgated in an arbitrary and capricious manner. And in count IV, the Association claims that the regulation is invalid because it will force rehabilitation facilities to stop providing services to patients. Additionally, the Association seeks a declaration in each count that rehabilitation facilities would be compensated at 80 percent of their usual and customary charges.

The Commissioner filed preliminary objections to the Association's petition for review, arguing that the Association failed to exhaust its administrative remedies and failed to join indispensable parties. By a published opinion and order of April 28, 1992, the commonwealth court overruled the Commissioner's preliminary objections. *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992).

On December 2, 1992, the Association filed the motion for partial summary judgment which is presently before this court for disposition. The Association seeks summary judgment on count I of its petition for review. Specifically, the Association requests a declaration that section 1797(a) permits rehabilitation facilities to receive reimbursement at 80 percent of their usual and customary charges for treatment of patients injured in automobile accidents, a declaration that section 69.43(b) is unlawful, and an order permanently enjoining the Commissioner from enforcing section 69.43(b) insofar as it pertains to rehabilitation services.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). Summary judgment is appropriate in an action such as this where the parties are seeking declaratory and injunctive relief. *Pennsylvania Medical Providers Association v. Foster*, 149 Pa. Commonwealth Ct. 203, 613 A.2d 51 (1992). The Association and Commissioner agree that no genuine issues of material fact are in dispute. Therefore, summary judgment may be properly granted by this court if we find that the Association is entitled to judgment as a matter of law.

The issues presented for our consideration are (1) whether the Commissioner's interpretation of section 1797(a) is clearly erroneous; and (2) whether the Commissioner clearly abused her discretion by promulgating section 69.43(b), which implements section 1797(a) of the MVFRL.

The Commissioner has interpreted section 1797(a) as if, in enacting the medical cost containment provisions of Act 6, the General Assembly incorporated, as a whole, the payment allowances under Medicare.[4] The Association contends that the Commissioner's interpretation is unreasonable and inconsistent with the plain language of the statute. Specifically, the Association contends that the General Assembly adopted Medicare as a standard in those instances where the Medicare payment was readily transferable and not where the transfer would create enormous difficulties. The Association further argues that the General Assembly did not intend to superimpose the complexity and magnitude of the entire Medicare system onto automobile insurance reform.

Section 1797 provides in pertinent part as follows:

(a) General rule.—A person or institution providing treatment, accommodations, products or services to an injured person . . . shall not require, request or accept payment for

4. 42 U.S.C. §§ 1395–1395ccc.

treatment, accommodations, products or services in excess of 110% of the prevailing charge at the 75th percentile; 110% of the applicable fee schedule, the recommended fee or the inflation index charge; or 110% of the diagnostic-related groups (DRG) payment; whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered, or the provider's usual and customary charge, whichever is less. The General Assembly finds that the reimbursement allowances applicable in the Commonwealth under the Medicare program are an appropriate basis to calculate payment for treatments, accommodations, products or services for injuries covered by liability or uninsured and underinsured benefits or first party medical benefits insurance.... If a prevailing charge, fee schedule, recommended fee, inflation index charge or DRG payment has not been calculated under the Medicare program for a particular treatment, accommodation, product or service, the amount of the payment may not exceed 80% of the provider's usual and customary charge.

75 Pa.C.S. § 1797(a).

It is undisputed that rehabilitation services are not reimbursed by Medicare under one of the enumerated prospective payment schemes contained in section 1797(a). Medicare pays for rehabilitation services through a cost based retrospective reimbursement methodology. The Commissioner's interpretation of 1797(a) leads to the result that, regardless of the payment methodology used by Medicare, if Medicare makes any payment for a particular service, then reimbursement for purposes of automobile insurance will be limited to 110% of that amount. The Association contends that the Commissioner's interpretation of 1797(a) is contrary to the fundamental tenets of statutory construction and creates a result which is unreasonable.

▇▇▇▇ "The interpretation of a statute by the agency charged with the statute's administration is entitled to great weight and should not be disregarded unless it is clearly

erroneous." *Pennsylvania Medical Society v. Foster,* 147 Pa.Commonwealth Ct. 528, 539 n. 8, 608 A.2d 633, 639 n. 8 (1992). This court has previously held that section 1797(a) serves to limit payment to persons or institutions providing treatment, accommodations, products, or services to an injured person to 110% of the Medicare payment, or if payment has not been calculated under Medicare, to an amount that does not exceed 80% of the provider's usual and customary charge. *Pennsylvania Medical Society v. Foster,* 154 Pa.Commonwealth Ct. 562, 624 A.2d 274 (1993). We have further held that the Commissioner's interpretation of section 1797(a) as stated above is not clearly erroneous and therefore will not be disturbed. *Id.* Accordingly, we continue to adhere to the position taken by the Commissioner that the General Assembly incorporated, as a whole, the payment allowances under Medicare.

With regard to the second issue, the Association argues that insofar as section 69.43(b) pertains to rehabilitation services, it contravenes the statutory language of section 1797(a) and is therefore unlawful. The Commissioner argues that section 69.43(b) effectuates the intention of the General Assembly and is consistent with the language of section 1797(a).

Section 69.43(b) provides in pertinent part:

If a Medicare fee schedule exists for out-patient, rehabilitation and physician services, insurers shall pay Part A and B providers at 110%. If the Medicare reimbursement allowance is the Medicare aggregate payment, in areas such as out-patient services, rehabilitation services, and home health care services, payment shall be 110% of the actual cost based upon the cost-to-charge ratios for each ancillary, out-patient, or other reimbursable cost center utilized by the insured.... Payment for in-patient rehabilitation services shall consist of the routine cost per diem (room and board) plus the actual cost based upon the cost-to-charge ratio of each ancillary cost center service times 110%. Payment for out-patient rehabilitation services shall be the actual cost based upon the cost-to-charge ratio for each ancillary cost center service times 110%. The costs used to

develop these payments shall be based upon the latest audited Medicare cost report for that facility.

31 Pa.Code § 69.43(b).

■ This court's standard of review of the Commissioner's regulation is limited. As a general matter, regulations promulgated by an administrative agency are accorded a presumption of validity and reasonableness. *Kalodner v. Commonwealth of Pennsylvania,* 150 Pa.Commonwealth Ct. 248, 615 A.2d 900 (1992). We will not substitute our judgment for that of the agency unless a clear abuse of discretion is shown. *Brocal Corporation v. Department of Transportation,* 515 Pa. 224, 528 A.2d 114 (1987); *Paratransit Association of the Delaware Valley, Inc. v. Yerusalim,* 114 Pa.Commonwealth Ct. 279, 538 A.2d 651 (1988).

Through promulgation of this regulation, reimbursement for rehabilitation services is to be paid at 110% of a provider's actual cost rather than 80% of the provider's usual and customary charge. *Pennsylvania Association of Rehabilitation Facilities v. Foster,* 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992). Therefore, we find section 69.43(b) to be consistent with the Commissioner's position that regardless of the payment methodology used by Medicare, if Medicare makes any payment for a particular service, then reimbursement for purposes of automobile insurance will be limited to 110% of that amount. Accordingly, we hold that the Commissioner did not abuse her discretion by promulgating section 69.43(b).

Because we have resolved the issues presented in favor of the Commissioner, the motion for partial summary judgment filed by the Association is hereby denied.

ORDER

AND NOW, April 6, 1993, pursuant to Pa.R.C.P. No. 1035, the motion of the Pennsylvania Association of Rehabilitation Facilities for partial summary judgment in the above-captioned matter is hereby denied.