633 A.2d 1248

PENNSYLVANIA ASSOCIATION OF REHABILITATION FACILITIES, Petitioner

v.

Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania and the Pennsylvania Insurance Department, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Nov. 4, 1993.

Christopher A. Lewis, for petitioner.

Gregg W. Mackuse, for respondents.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Presently before this court is a motion for summary judgment filed by Cynthia M. Maleski,[1] the Insurance Commissioner of the Commonwealth of Pennsylvania and the Insurance Department of the Commonwealth of Pennsylvania (collectively Commissioner). For the reasons which follow, we grant summary judgment.

On November 27, 1991, the Pennsylvania Association of Rehabilitation Facilities (Association) filed a petition for review in our original jurisdiction[2] challenging the validity of

---

1. Following the initiation of this action, Cynthia M. Maleski succeeded Constance B. Foster as the Insurance Commissioner of the Commonwealth of Pennsylvania.

2. Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a).

Section 69.43(b) of Regulation 11–91, 31 Pa.Code § 69.43(b), a final regulation duly promulgated by the Commissioner.[3]

The petition for review contains four counts, all seeking declaratory and injunctive relief. In count I, the Association asserts that the regulation is contrary to the plain language and intent of section 1797(a) of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. § 1797(a). Count II alleges that the regulation constitutes a "taking" within the meaning of Article I, Section 26 of the Pennsylvania Constitution. In count III, the Association alleges that the regulation exceeds the Commissioner's statutory authority and that it was promulgated in an arbitrary and capricious manner. And in count IV, the Association claims that the regulation is invalid because it will force rehabilitation facilities to stop providing services to patients.

The relief requested by the Association in each count of the petition is the same: a declaration that section 1797(a) provides that each rehabilitation facility which treats accident victims shall be compensated at eighty percent of its usual and customary charges; an injunctive order forbidding the Commissioner from enacting and enforcing section 69.43(b) of the final regulation; costs of the suit and attorneys' fees; and such other relief as this court deems necessary and proper.

The Commissioner filed preliminary objections to the Association's petition for review, asserting that the Association failed to exhaust administrative remedies and failed to join indispensable parties. By a published opinion and order of April 28, 1992, the commonwealth court overruled the Commissioner's preliminary objections. *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992).

On December 2, 1992, the Association filed a motion for partial summary judgment as to Count I of its petition for

---

3. The Association also filed an application for special relief seeking to enjoin the Commissioner from enforcing section 69.43(b). The application was granted and a preliminary injunction was issued by order of this court dated December 6, 1991. On June 11, 1993, commonwealth court issued an order dissolving the injunction.

review. By a published opinion and order dated April 6, 1993, the commonwealth court denied the Association's motion for partial summary judgment having resolved the issues presented in favor of the Commissioner. *Pennsylvania Association of Rehabilitation Facilities v. Foster (PA Rehab.)*, 154 Pa.Commonwealth Ct. 555, 624 A.2d 270 (1993).

In response to this court's decision denying the Association's motion for partial summary judgment, the Commissioner has filed the motion for summary judgment which is presently before this court for disposition. Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). Because the parties have conceded that no genuine issues of material fact exist, *PA Rehab.*, summary judgment may be properly granted by this court if we find that the Commissioner is entitled to judgment as a matter of law.

In its memorandum of law in opposition to the Commissioner's motion for summary judgment, the Association states that it has withdrawn without prejudice counts II and IV of its petition for review. In her reply brief in support of the motion for summary judgment, the Commissioner indicates that she has no objection and that this court need only address whether entry of summary judgment in favor of the Commissioner with respect to counts I and III is proper.

As noted previously in this opinion, in count I of its petition the Association asserts that section 69.43(b) of the regulation is contrary to the plain language and intent of section 1797(a) of the Law. In count III, the Association contends that the Commissioner exceeded her statutory authority in promulgating section 69.43(b). Based upon the agreement of the parties, we will limit our inquiries to the propriety of summary judgment in favor of the Commissioner with respect to these counts.

In support of her motion for summary judgment, the Commissioner asserts that she is entitled to judgment as a matter of law because this court has previously upheld the validity of the Commissioner's interpretation of Section 1797(a) of the Law and the validity of Section 69.43(b) of the final regulation. We agree.

The Commissioner has interpreted section 1797(a) of the Law to mean that regardless of the methodology used by Medicare, if Medicare makes any payment for a particular service, then reimbursement for purposes of automobile insurance will be limited to 110% of that amount. In *PA Rehab. and Hospital Association v. Foster*, 157 Pa.Commonwealth Ct. 363, 629 A.2d 1055 (1993), this court concluded that the Commissioner's interpretation is not clearly erroneous and will not be disturbed. We further held that section 69.43(b) of the regulation is consistent with the Commissioner's interpretation of section 1797(a) of the Law and that the Commissioner did not abuse her discretion in promulgating the regulation. *Id.* Therefore, the issues raised in count I and III of the Association's petition for review have been resolved in favor of the Commissioner.[4]

Accordingly, the motion for summary judgment filed by the Commissioner is granted as to counts I and III of the Association's petition for review. Because the Association has withdrawn counts II and IV without prejudice and the Commissioner's motion for summary judgment has been granted, the petition for review is dismissed.

### ORDER

AND NOW, November 4, 1993, the motion for summary judgment filed by the Insurance Commissioner of the Commonwealth of Pennsylvania and the Insurance Department is

---

4. The Association argues that should this court grant the Commissioner's motion for summary judgment, it should declare that section 69.43(b) provides that rehabilitation facilities can bill and receive reimbursement at 110% of the amount that Medicare would currently pay for the service. However, our review of the Association's petition for review indicates that the Association did not seek such a declaration in its prayer for relief. Therefore, we will not address the issue.

granted. The petition for review filed by the Pennsylvania Association of Rehabilitation Facilities is dismissed.