**Stillwater Lakes Civic Association Inc. v. Nieves**

C.P. of Monroe County, no. 12198 Civil 2008.

*Nicholas Charles Haros,* for plaintiff.
S*tewart Irwin Rosenblum,* for defendants.

WALLACH MILLER, *J.,* August 3, 2010—Defendant Michael Glassic, owns two units in the planned residential community of Stillwater Lakes Estates. As a property owner, Glassic is a member of plaintiff Stillwater Lakes Civic Association Inc., the non-profit corporation that manages and administers the common facilities in

Stillwater Lakes Estates. On August 7, 2008, Glassic first recorded a meeting of plaintiff's board of directors without permission. (Deposition of Glassic, p. 34, ll. 7-8.) Over the objections of board members, Glassic again videotaped plaintiff's October 4, 2008 meeting. Glassic continued videotaping the meeting despite the board passing a resolution prohibiting recording or otherwise disrupting organized board or membership meetings. The board passed a subsequent resolution on October 18, 2008, prohibiting recording and disruption of Association board meetings subject to a $250 fine per offense. Glassic once more recorded a board meeting on November 15, 2008.

Plaintiff filed this action on December 17, 2008, to both prevent Glassic from recording future board meetings and for the deletion of prior recordings. This court dismissed Glassic's preliminary objections on April 20, 2009, and granted plaintiff's preliminary objections to Glassic's answer on July 6, 2009. Glassic's appeal of our order to the Superior Court was quashed on December 16, 2009. Plaintiff now moves for summary judgment.

Pennsylvania's Rules of Civil Procedure permit a party to move for summary judgment as a matter of law following the closing pleadings. Pa.R.C.P. 1035.2. It is well-established Pennsylvania law that summary judgment is only appropriate where no genuine issues of material fact necessary to an element of a cause exist. *Abrams v. Pneumo Abex Corp.,* 602 Pa. 627, 635, 981 A.2d 198, 203 (2009). The moving party has the burden of proving that no genuine issues of material fact exist. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). The court must view the record in the

light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Id.* at 204, 412 A.2d at 468-69. Thus, summary judgment is proper only when the entire record demonstrates that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Id.* Summary judgment is an appropriate remedy where a party is seeking an injunction. *P.J.S. v. Pennsylvania State Ethics Commission,* 697 A.2d 286, 288 (Pa. Commw. 1997) (citing *Hospital Association of Pennsylvania Inc. v. Foster,* 157 Pa. Commw. 363, 629 A.2d 1055 (1993)).

An injunction gives the court the power to prohibit or command virtually any type of action. *Big Bass Lake Community Association v. Warren,* 950 A.2d 1137, 1144 (Pa. Commw. 2008). A party seeking a permanent injunction must establish three elements: (1) a clear right to relief; (2) that an injunction is necessary to avoid an injury that cannot be compensated by damages; (3) that a greater injury will result from refusing the injunction. *Mazin v. Bureau of Professional and Occupational Affairs,* 950 A.2d 382, 389 (Pa. Commw. 2008). Unlike a claim for a preliminary injunction, a plaintiff seeking a permanent injunction does not need to establish irreparable harm or the need for immediate relief. *Buffalo Township v. Jones,* 571 Pa. 637, 644, 813 A.2d 659, 663-64 (2002). The power to grant or deny an injunction is within the court's discretion under the circumstances and facts of the case. *Big Bass Lake Community Association,* 950 A.2d at 1144.

Plaintiff argues a clear right to relief exists as Glassic violated rules passed by the board prohibiting Associa-

tion members from recording meetings. Under 68 Pa.C.S. §5302(a)(1), Unit Owner's Associations may "adopt and amend bylaws and rules and regulations." Similarly, plaintiff's bylaws provide the board with power to make rules and regulations necessary to maintain order. The board exercised their power in issuing rules prohibiting the recording of meetings. As a member of the Association, the rules prohibiting recording meetings applied to Glassic. Glassic does not deny attending and recording meetings, despite the protests of board members. Glassic does not deny continuing to record despite rules passed by the board prohibiting such activity. Glassic also has several copies of previous recordings saved. (Deposition of Glassic, at p. 90, ll. 10-23.) Plaintiff's bylaws provide that any recordings of meetings shall be maintained by Association, rather than individual members such as Glassic. We thus find no issues of material fact exist denying plaintiff's clear right to relief.

Plaintiff next argues that a final injunction is necessary to prevent a legal wrong as no adequate redress at law exists. Plaintiff argues that recording private board meetings would chill their discussions. Glassic admits to the actual chilling effect on board member April Bunjee caused by the recording of meetings. (Deposition of Glassic, p. 166, ll. 14-22.) Further, plaintiff fears more clips of recordings will appear on the internet edited by Glassic and out of context, portraying the board in a negative light.

Glassic contends an issue of fact exists, arguing that an injunction would not be necessary to prevent a harm that cannot be compensated by damages. Glassic argues

that he has not recorded any meetings subsequent to receiving a cease and desist letter from plaintiff on December 21, 2008, and essentially argues that an injunction is unnecessary as the matter is moot. However, our Pennsylvania Supreme Court has held that the mere fact that a practice has been abandoned does not render a controversy moot. *Tamagno v. Waiters & Waitresses Union, Local No. 301,* 373 Pa. 457, 461, 96 A.2d 145, 147 (1953). The court must determine whether the practice is likely to be resumed despite defendant's assurances and the passage of time. *Id.* In the instant case, Glassic has expressed an interest in recording should the court not grant the injunction. Glassic feels the bylaws give him the right to videotape. (Deposition of Glassic, p. 113, ll. 19-20.) Further, Glassic admits that another person recorded the February 21, 2009 meeting at his request. (*Id.* at pp. 104-105 ll. 19-25, 1-2.) We find Glassic's assurances of recording, despite his assurances and the passage of time since receiving the cease and desist letter. As damages cannot compensate plaintiff's ability to discuss Association matters freely, we find that a final injunction is necessary.

We finally turn to whether a greater harm will result if this court refuses to grant the injunction. As discussed above, it is likely that Glassic will continue to record if an injunction is not ordered. These recordings have a chilling effect on board members and hinder free discussion. We therefore find that a greater harm will result if an injunction from future recordings and an order to destroy existing copies is not granted. As such, we find no material issues of fact. We enter the following order accordingly.

## ORDER

And now, August 3, 2010, upon consideration plaintiff's motion for summary judgment, and following oral argument and a review of the briefs filed, plaintiffs motion is granted.