# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tri-Community Sewer Authority, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1188 C.D. 2020 |
| | : | ARGUED:  October 21, 2021 |
| Florence E. Krebs | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE J. ANDREW CROMPTON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  November 30, 2021**

Tri-Community Sewer Authority appeals from the order of the Court of Common Pleas of Indiana County denying the Authority's request for injunctive relief in the nature of an order requiring Florence E. Krebs (Owner) to connect her garage, which has a bathroom, directly to the sewer system or authorizing the Authority to make the connection and place a lien on the property if Owner refused. We affirm.

The operative facts, which are not disputed, are as follows.  Owner owns and resides at a property in West Wheatfield Township, Indiana County.  There are two separate structures on the property: a house occupied by Owner and a garage constructed in 2003.  The garage contains a bathroom, including a toilet, sink, and shower,[1] that emit sewage but are attached to the Authority's sanitary sewage system

---

[1] The trial judge, who conducted a view of the garage, did not find, nor does the record contain evidence that, besides the bathroom, the garage was otherwise fitted out for habitation.  The chair **(Footnote continued on next page…)**

through the house's connection, rather than having separate connections as required by rules adopted by the Authority in 2012 (2012 Regulations). In late 2017, the Authority confronted Owner with its concerns that the garage was a residential structure and demanded her to bring the property into compliance with its current rules and regulations, Owner refused, and the Authority initiated its complaint in the trial court.

The trial court conducted a nonjury trial in August 2020, at which it received testimony and during which the trial judge conducted a view of the property at issue. After receiving post-trial memoranda, the trial court issued an order in September 2020 denying the relief sought by the Authority; determining that the 2012 Regulations adopted by the Authority did not apply to the garage that was built in 2003; and concluding that Owner was in compliance with the 1984 Regulations, because the garage was not a separate "property." The Authority appealed.

The Authority raises two issues: first, whether the 2012 Regulations apply to Owner's garage retroactively, and second, whether the terms "property" and "improved property" referred to in the 1984 Regulations refer to structures as opposed to lots or parcels of land. The Authority styles its second issue as two separate issues, corresponding to separate sections of the 1984 Regulations, but as we deem this distinction irrelevant, we address it as one issue.

First, the Authority argues that its 2012 Regulations apply retroactively to require a separate sewer connection for the garage. Section 6.1 of the 2012 Regulations provides, in pertinent part, as follows:

---

of the Authority testified that she had seen lights and a television on in the garage in the evenings from the exterior, and a car parked there. (Notes of Testimony "N.T." at 38-40; Reproduced Record "R.R." at 128a-30a.) Owner and her son, who lives with her, both testified that no one had lived in the garage.

*The main drainage system* of every house or *building shall be separately and independently connected with the street sewer*. Where existing conditions preclude separate connections, the Authority will consider granting a waiver of this regulation.

[2012 Regulations at Section 6.1 (emphasis supplied); Reproduced Record "R.R." at 209a.]  The relevant sections of the 1984 Regulations provide, in pertinent part, as follows:

> Section 1.  DEFINITIONS
>
> . . . .
>
> 1.6  Improved Property: Any property upon which there is erected any structure intended for continuous or periodic habitation, occupancy or use by human beings or animals and from which structure Sanitary Sewage . . . shall be or may be discharged.
>
> . . . .
>
> Section 4.  INDIVIDUAL SERVICE LINES AND CONNECTIONS
>
> 4.1  Each property must have its own individual Service Line.  Each unit of a double house or townhouse having a solid vertical partition wall shall be considered a separate property requiring individual sewer Connections.

(1984 Regulations at Sections 1.6 and 4.1; R.R. at 176a and 180a.)

The trial court did not identify its grounds for declining to retroactively enforce the 2012 Regulations.[2]  However, it is an undisputed rule of statutory

---

[2] The Authority cites *Wood v. City of Pittsburgh*, 460 A.2d 390, 392 (Pa. Cmwlth. 1983), for the proposition that because retroactive enforcement of a municipal ordinance in that case did not run afoul of the constitutional prohibition of *ex post facto* laws, which addresses only penal statutes, the updated regulation of the Authority may be enforced retroactively.  However, the appellant in *Wood* apparently did not effectively raise and preserve other grounds in opposition to **(Footnote continued on next page…)**

construction that laws, other than those affecting procedural matters, must be construed prospectively except where there is an express legislative intent that they shall apply retrospectively.[3] *R & P Servs., Inc. v. Dep't of Revenue*, 541 A.2d 432, 434 (Pa. Cmwlth. 1988); *see also* Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926 ("[n]o statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly"). It is equally true that a regulation promulgated by an administrative agency shall not be construed to have a retroactive effect unless it was clearly and manifestly intended to be so applied. *Hosp. Ass'n of Pa., Inc. v. Foster*, 629 A.2d 1055, 1060 (Pa. Cmwlth. 1993). Moreover, administrative agencies may adopt retroactive regulations only so long as they do not destroy vested rights, impair contractual obligations, or violate the principles of due process of law and *ex post facto* laws. *R & P Servs.*, 541 A.2d at 434.

The power of a municipal authority to adopt regulations is a legislative delegation by the General Assembly—the 2012 Regulations were adopted by the

---

retroactive enforcement of ordinances—as we noted in *Wood*, the appellant raised thirteen questions in his statement of questions involved but waived the great majority of them by failing to raise them before the trial court and/or failing to address them in his brief. *Id.* at 391 & n.4. At all events, our jurisprudence contains other grounds besides the prohibition of *ex post facto* laws upon which retroactive enforcement of regulations may be challenged.

[3] The rules of statutory construction have been applied with equal force to other delegations of legislative authority, including regulations of administrative agencies, *see R & P Services, Inc. v. Department of Revenue*, 541 A.2d 432, 434 (Pa. Cmwlth. 1988), and municipal ordinances, *see Trojnacki v. Board of Supervisors of Solebury Township*, 842 A.2d 503, 509 (Pa. Cmwlth. 2004).

Authority by resolution dated May 9, 2012 under authority of Section 5607(d)(17) of the Municipality Authorities Act,[4] which provides, in pertinent part, as follows:

> Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including . . . the following rights and powers:
>
> . . . .
>
> (17) To do all . . . things necessary or convenient for the promotion of its business and the general welfare of the authority to carry out the powers . . . including, but not limited to, the adoption of reasonable rules and regulations that apply to . . . sewer lines located on a property owned or leased by a customer . . . .

53 Pa.C.S. § 5607(d)(17). As with regulations promulgated by administrative agencies, we believe that it is appropriate for an authority's rules to apply retroactively only where they are clearly and manifestly intended to be so applied and do not destroy vested rights, impair contractual obligations, or violate principles of due process of law. Here, we do not find the requisite intent of retroactive application clear and manifest in the 2012 Regulations.[5]

With respect to the Authority's other argument, that the 1984 Regulations required Owner to have a separate sewer line for both buildings because they each constituted "improved property" or "property," we find that the trial court

---

[4] As authority, the resolution mistakenly refers to Section 5607(b) of the Municipality Authorities Act, 53 Pa.C.S. § 5607(b) (relating to limitations). (*See* R.R. at 189a.)

[5] Owner cites *Hempfield Township v. Hapchuk*, 620 A.2d 668 (Pa. Cmwlth. 1993), which applied the longstanding rule relating to "grandfathered" uses in the zoning context, more commonly referred to as preexisting nonconforming uses. Since we find that the regulation in question does not have retroactive application, we need not address the applicability of the doctrine of preexisting nonconforming uses to the type of regulation involved here. Similarly, we will not address the issues of vested rights, contractual obligations, or due process since Owner has not raised such arguments.

correctly interpreted these terms to mean Owner's lot or parcel, not the buildings erected upon them. "Improved property" is defined in Section 1.6 of the 1984 Regulations as "[a]ny property upon which there is erected any structure . . .," obviously referring to "property" as the parcel of land upon which a structure can be built. If, as the Authority suggests, the use of the term "property" in the regulation referred to *structures* rather than land, Section 1.6 would make no sense. Finally, Section 4.1 provides two exceptions to the requirement of one separate line for each "property." One of these states that where commercial or industrial premises have multiple buildings in single ownership, the Authority reserves the right, on a case-by-case basis, to decide whether each building must have a separate sewer connection or whether all buildings may share a single connection. The second states that double houses or townhouses with shared walls require a separate sewer line for each unit.[6] This suggests that the general rule did not include accessory buildings in single ownership as separate "properties"—both as a matter of logical inference and under the doctrine of *expressio unius est exclusio alterius*, the inclusion of a specific matter in a statute implies the exclusion of other matters. *See Thompson v. Thompson*, 223 A.3d 1272, 1277 (Pa. 2020).

In light of the foregoing, we affirm the order of the trial court.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] Moreover, we note that double houses and townhouses are usually separately owned, or at least occupied by separate, different, and/or unrelated residents/households, making the need for separate connections obvious, unlike the situation of an accessory building like a garage.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Tri-Community Sewer Authority, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1188 C.D. 2020 |
| | : | |
| Florence E. Krebs | : | |

# **O R D E R**

AND NOW, this 30ᵗʰ day of November, 2021, the order of the Court of Common Pleas of Indiana County is AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita