544 A.2d 1324

**Eileen MAUNUS and Felix Thau, Appellees,**

v.

**COMMONWEALTH of Pennsylvania, STATE ETHICS
COMMISSION, Appellant.**

Supreme Court of Pennsylvania.

Argued April 11, 1988.

Decided Aug. 10, 1988.

John J. Contino, General Counsel, Vincent J. Dopko, Harrisburg, for appellant.

Patrick M. McHugh, Harrisburg, Andrew H. Cline, John P. Krill, Henry G. Barr, Harrisburg, for amicus—Gen. Counsel.

George O. Wagner, Danville, for amicus—League of Women Voters of Pa.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

NIX, Chief Justice.

Eileen Maunus and Felix Thau are attorneys employed by the Pennsylvania Liquor Control Board. Ms. Maunus is an Assistant Counsel and Mr. Thau is a Deputy Chief Counsel to the Board. On May 3, 1984, both were advised that they were required to file a Statement of Financial Interest pursuant to the State Ethics Act, 65 P.S. § 401 *et seq.* Appellees notified the Chief Counsel to the State Ethics Commission ("Commission") on August 14, 1984, of their refusal to comply with this requirement, based on their belief that the ethical conduct of attorneys was governed solely by the Supreme Court and hence, the Ethics Act is inapplicable to them. The Chief Counsel advised appellees on October 23, 1984, that the Commission did not recognize an exception to the filing provision for attorney-employees of the Commonwealth. Appellees thereafter sought and were granted a hearing before the full Commission, which by opinion dated December 27, 1984, concluded that appellees were not exempt from the financial reporting and disclosure requirements of the Ethics Act. However, on September 12, 1986, the Commonwealth Court reversed the decision of the Commission, finding that the financial disclosure provisions of the Ethics Act are invalid as applied to publicly employed attorneys for the reason advanced by the appellees, 100 Pa.Cmwlth. 494, 515 A.2d 83. The Commission filed a petition for allowance of appeal requesting this Court to determine whether the legislature may constitu-

tionally require financial disclosure of attorney-employees of state executive or legislative agencies without usurping this Court's exclusive authority to supervise the Pennsylvania courts and the legal profession within the Commonwealth. We granted the petition and now reverse.

Section 4 of the Ethics Act, 65 P.S. § 404, requires public employees, public officials and candidates for public office to file a statement of financial interests on an annual basis. Appellees concede that they are within the class of individuals declared public employees within the meaning of the Ethics Act. However, they assert that the imposition of a disclosure requirement on an attorney-employee represents an unconstitutional legislative intrusion into the exclusive authority of this Court to regulate the professional and ethical conduct of attorneys who practice before the courts of this Commonwealth.

It is clear that the legislature is precluded from exercising powers entrusted to the judiciary. *Kremer v. State Ethics Commission*, 503 Pa. 358, 469 A.2d 593, (1983); *Commonwealth v. Sutley*, 474 Pa. 256, 378 A.2d 780 (1977). The Supreme Court has been given the authority to regulate the courts by Article V, Section 10 of the Pennsylvania Constitution. This provision reads in pertinent part as follows:

> (a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace ...
>
> (c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this

constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Appellees assert that this provision eliminates any basis upon which the legislature may constitutionally regulate the professional and ethical conduct of attorneys. In this context, appellees point out that pursuant to this constitutional authority, this Court has adopted a Code of Professional Responsibility[1] and Rules of Disciplinary Enforcement,[2] both of which govern the professional and ethical conduct of attorneys admitted to practice in this Commonwealth. Appellees draw our particular attention to Pa.R.D.E. 103, which provides as follows:

The Supreme Court declares that it has inherent and exclusive power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania) and in furtherance thereof promulgates these rules.

Amended Feb. 2, 1984, effective Feb. 18, 1984.

Thus, appellees argue that in view of this Court's exclusive power to supervise the conduct of attorneys, the financial disclosure requirement, promulgated by the legislature outside the scope of this Court's regulatory authority, is unconstitutional as applied to attorneys employed by the Commonwealth or a subdivision thereof.

In further support of their position, appellees place substantial reliance on our decision in *Kremer v. State Ethics Commission*, 503 Pa. 358, 469 A.2d 593 (1983), and on the Commonwealth Court's decision in *Ballou v. State Ethics Commission*, 56 Pa.Cmwlth. 240, 424 A.2d 983 (1981), *aff'd*

1. The Rules of Professional Conduct, which supersedes the Code of Professional Responsibility, was adopted by this Court on October 16, 1987, effective April 1, 1988.
2. The Rules of Disciplinary Enforcement were adopted on March 21, 1972, effective November 1, 1972.

*on other grounds* 496 Pa. 127, 436 A.2d 186 (1981). An examination of these cases reveals that they do not provide the predicate for affirmance in this matter as appellees suggest.

In *Kremer v. State Ethics Commission, supra,* the issue to be decided was whether the financial disclosure requirements contained in the Ethics Act are applicable to judges of this Commonwealth. This Court held that the disclosure requirements are unconstitutional as applied to the judiciary, in that the statute, *vis a vis* the judiciary, infringes on this Court's constitutional mandate to regulate and supervise the Pennsylvania courts. *Kremer,* 503 Pa. at 363, 469 A.2d at 595. Appellees place great reliance on this case, and essentially assert that this matter should properly result in the invalidation of the financial disclosure requirements as applied to attorneys employed by the Commonwealth or a subdivision thereof. This reasoning fails to recognize the critical distinction between *Kremer* and the instant case.

In *Kremer,* the individual whose financial information was requested was a Judge of the Court of Common Pleas of Philadelphia County, and as such, is directly and exclusively an "employee" under this Court's jurisdiction. Judge Kremer's ethical and professional conduct is, therefore, governed in its entirety by regulations adopted by this Court. These include the Code of Judicial Conduct[3] and Supreme Court Order No. 47, adopted subsequent to the *Kremer* decision, which requires all members of the Pennsylvania judiciary to file a Statement of Financial Interest with the Administrative Office of Pennsylvania Courts on an annual basis. *See* 503 Pa. XXXIV, 472 A.2d LIV (April 13, 1984).

Ms. Maunus and Mr. Thau, however, are attorneys, and therefore have professional and ethical obligations arising from directives of this Court as well as those deriving from the context of their employment. As members of the bar of

3. The Code of Judicial Conduct was adopted on November 21, 1973, effective January 1, 1974.

the Pennsylvania Supreme Court, *all* attorneys admitted to practice in this Commonwealth, regardless of their employer, are uniformly obligated to meet and to maintain certain professional and ethical standards promulgated by this Court. These presently include satisfactory completion of bar admission criteria, and adherence to the Code of Professional Responsibility. In addition, failure to comport with these standards may result in disciplinary action being taken against the attorney pursuant to our Rules of Disciplinary Enforcement. Thus, what is contemplated by the exclusivity provision contained in Pa.R.D.E. 103 is that this Court is the only governmental body entitled to regulate and discipline the professional class of attorneys. No other component of our state government may impose duties applicable to every attorney admitted to practice in the Commonwealth, nor may another Commonwealth entity admit to practice or discipline an attorney. These prerogatives are within this Court's exclusive jurisdiction. However, notwithstanding our substantial authority in this area, it is ludicrous to suggest that employers are constitutionally precluded from imposing ethical and professional requirements on their employees, some or all of whom may be attorneys. This is equally true where the employer is the Commonwealth or one of its subdivisions.

Employers in the private sector may properly adopt professional and ethical standards and in pursuit thereof, may require certain conduct of its employees, including attorneys, without running afoul of this Court's supervisory authority over the bar of this Commonwealth. Any intrusion upon the power of this Court to prescribe general rules governing the practice, procedure and conduct of judicial proceedings is viewed with the greatest of skepticism. *See In re 42 Pa.C.S. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978). However, a lawyer who contracts his or her services to an employer is like any other employee subject to the terms and rules of that employment, provided that they are in no way inimical to the ethical standards prescribed by this Court. For example, in order to avoid the appearance of impropriety, a law firm specializing in securities law may

find it prudent to require its employees, including the attorneys on its staff, to disclose their personal securities holdings on a periodic basis. Likewise, public employers may find it appropriate to prohibit certain conduct or to eliminate conflicts of interest or such an appearance by requiring government employees to provide a financial disclosure statement on an annual basis. Such a requirement is to be distinguished from a legislative effort to prescribe rules of disclosure for members of the judiciary. *See In re 42 Pa.C.S. § 1703, supra.* Members of the judiciary are not lawyers acting on behalf of private employers. They are constitutional officers subject to the mandate of Article 5 and the rules prescribed pursuant thereto under section 10 of that Article. Even though instant appellees are governmental employees, they are nonetheless subject to the reasonable regulation of their governmental employer as long as it does not conflict with the authority of this Court.

Maintenance of high ethical standards is no less compelling where the employer is in the public sector. The duty of government to establish and promote standards of the highest order is perhaps its most compelling obligation, in view of the public trust reposed within its auspices. To this end, the purpose of the Ethics Act has been enunciated as follows:

The Legislature hereby declares that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust. In order to strengthen the faith and confidence of the people of the State in their government, the Legislature further declares that the people have a right to be assured that the financial interests of holders of or candidates for public office present neither a conflict nor the appearance of a conflict with the public trust. Because public confidence in government can best be sustained by assuring the people of the impartiality and honesty of public officials,

this act shall be liberally construed to promote complete disclosure.

65 P.S. § 401, 1978, Oct. 4, P.L. 883, No. 170, § 1, effective Jan. 1, 1979.

We perceive no basis upon which to conclude that appellees, as employees of a state agency, are entitled to an exemption from the disclosure requirements simply because they are attorneys. Nonetheless, appellees urge that *Ballou v. State Ethics Commission*, 56 Pa.Cmwlth.Ct. 240, 424 A.2d 983 (1981), *aff'd on other grounds*, 496 Pa. 127, 436 A.2d 186 (1981), provides the reasoning to compel such a result.

In *Ballou v. State Ethics Commission, supra,* the Commonwealth Court found that Richard Ballou, a township solicitor, was a public employee, and as such, was a member of the class of persons covered by the Ethics Act. However, the Court held that the disclosure requirements of the Ethics Act are inapplicable to attorneys, because the statute unconstitutionally infringes upon this Court's exclusive authority to govern the conduct of attorneys. *See Ballou, supra* 56 Pa.Cmwlth. at 248, 424 A.2d at 985–986. The State Ethics Commission appealed the Commonwealth Court's decision to this Court. We upheld the Commonwealth Court's order exempting Mr. Ballou from complying with the disclosure requirements on the narrow finding that a township solicitor is neither a "public employee" nor a "public official" within the scope of the Ethics Act. *Ballou v. State Ethics Commission,* 496 Pa. at 134–135, 436 A.2d at 187. Our decision specifically declined to address the application of the Act to attorneys employed in the public sector. *Ballou,* 496 Pa. at 130 n. 3, 436 A.2d at 187 n. 3. The reasoning contained in the Commonwealth Court's opinion in *Ballou* is virtually identical to our analysis in *Kremer* on the constitutional question, and thus, for the reasons stated above, fails to convince us that an exemption for attorney-employees from the disclosure requirements of the Act is constitutionally mandated. While we appreciate the extent to which appellees have attempted to zealously safeguard our supervisory authority over members of the bar of

this Commonwealth, this matter is not within the category of cases which have presented the factual predicate for concluding that our jurisdiction over the courts of Pennsylvania and its officers has been unconstitutionally usurped by the legislature through the Ethics Act. *See, e.g., Kremer, supra; Wajert v. State Ethics Commission,* 491 Pa. 255, 420 A.2d 439 (1980);[4] *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa. Cmwlth.Ct. 88, 434 A.2d 1327 (1981), *aff'd* 498 Pa. 589, 450 A.2d 613 (1982).[5]

Our conclusion is buttressed by the fact that the financial disclosure requirement imposed by the Ethics Act is not incompatible with any of the rules applicable to attorneys in this Commonwealth.[6]  To the contrary, it is expected that members of our bar will adhere to the highest standards regardless of the field of endeavor in which they are engaged.  In addition, we are mindful of the salutary end to which the Ethics Act is addressed, namely the assurance of the integrity and honesty of employees of this Commonwealth, and further recognize that as remedial legislation, the Act is to be liberally construed. *See* 65 P.S. § 401; *Ballou v. State Ethics Commission, supra,* 496 Pa. at 138, 436 A.2d at 191 (Kauffman, J., dissenting, joined by Nix, J.). Adherence to the highest ethical standards by the attorneys practicing in both the public and private sectors of this Commonwealth is the cornerstone of our legal system.  The financial disclosure provision contained in Section 4 of the

4.  In *Wajert v. State Ethics Commission,* we held that section 3(e) of the Ethics Act, 65 P.S. § 403(e), which precludes public officials and public employees from representing clients before the governmental body with which they had been associated for a one-year period following departure from government service, is inapplicable, on constitutional grounds, to members of the judiciary.

5.  This Court, in *Public Utility Commission Bar Association v. Thornburgh,* affirmed without opinion the Commonwealth Court's decision holding that Section 3(e) of the Ethics Act, 65 P.S. 403(e), was unconstitutional as applied to attorneys formerly associated with the Public Utility Commission.

6.  For an example of a legislative enactment which has been held to be incompatible with regulations adopted by this Court, *see, Snyder v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 509 Pa. 438, 502 A.2d 1232 (1985).

Ethics Act, 65 P.S. § 404, furthers this aspiration without intruding upon the authority of this Court to regulate and supervise the professional and ethical conduct of members of the Pennsylvania Bar.

The order of the Commonwealth Court is reversed and the opinions of the State Ethics Commission requiring appellees to file a financial disclosure statement in accordance with the Ethics Act are reinstated.