552 A.2d 303

Evan E. LLOYD, Esq. and Leslie D. Michel, Esq., Appellants,

v.

Ralph T. FISHINGER and Rosemary Fishinger, his wife, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 27, 1988.

Filed Jan. 6, 1989.

508

John G. Arch, Pittsburgh, for appellants.

Paul G. Kachulis, Pittsburgh, for appellees.

Before OLSZEWSKI, KELLY and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the trial court sustaining appellees' preliminary objection in the nature of a demurrer. Appellants challenge the constitutionality of 42 Pa.C.S.A. § 7101, which provides that when a person is injured and confined as a patient to a hospital, an attorney cannot, during the first 15 days of confinement, enter into an agreement relating to compensation with the patient in connection with his injuries. For reasons discussed below, we find that the statute is unconstitutional; accordingly, we vacate and remand.

On June 6, 1987, appellee, Ralph T. Fishinger, was seriously injured in a motorcycle accident. Appellant, Evan E. Lloyd, Esquire, visited appellee, Mrs. Rosemary Fishinger, in her home on June 8, 1987, and obtained her signature on a contingent fee agreement. In the four days that followed, Mr. Lloyd approached Mr. Fishinger in the hospital, discussed representing him, and obtained his signature on the contingent fee agreement. As a result of being sedated for surgery earlier that day, Mr. Fishinger had no recollection of signing the agreement. Upon being discharged from the hospital on July 9, 1987, Mr. Fishinger informed Mr. Lloyd that he did not want appellants to represent him. Appellants, however, refused to withdraw and, acting upon the agreement, received a verbal offer from the tortfeasor's insurance company to settle for $100,000.

Appellants filed this action to recover 37.5% of the $100,-000 for their services pursuant to the contingent fee agreement. Appellees, in a preliminary objection to appellants' complaint in the nature of a demurrer, contended that such an agreement was forbidden by 42 Pa.C.S.A. § 7101. In its

opinion dated April 15, 1988, the trial court sustained appellees' demurrer based upon 42 Pa.C.S.A. § 7101, which provides in pertinent part:

§ 7101. Settlements and other agreements with hospitalized persons

(a) General rule....

(3) Where a person is injured and confined as a patient to a hospital or sanitarium due to such injuries, no attorney shall, during the first 15 days of confinement of such patient, enter or attempt to enter into an agreement relating to compensation wholly or partly on a contingent basis with such patient in connection with his injuries.

(b) Exception.—Subsection (a) shall not apply if at least five days prior to obtaining the ... contingent fee agreement, the injured person has signified in writing, by a statement acknowledged before a notary public who has no interest adverse to the injured person, his willingness that a ... contingent fee agreement be given or entered into.

Initially, we note our standard of review:

[T]his Court's scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Gordon v. Lancaster Osteopathic Hosp. Ass'n.*, 340 Pa.Super. 253, 489 A.2d 1364 (1985). We must be able to state with certainty that "upon the facts averred, the law will not permit recovery by the plaintiff." *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

*Fizz v. Kurtz, Dowd & Nuss, Inc.*, 360 Pa.Super. 151, 152, 519 A.2d 1037, 1038 (1987).

Appellants contend that the trial court erred in sustaining the demurrer based on 42 Pa.C.S.A. § 7101. Specifically, appellants urge that the statute is unconstitutional "as an infringement on the Supreme Court's exclusive power to govern the conduct of persons privileged to practice law in Pennsylvania....," appellant's brief at 3, and under the case of *Insurance Adjustment Bureau v. Insurance Commissioner*, 518 Pa. 210, 542 A.2d 1317 (1988). In the alternative, appellants argue that the contingent fee contract entered into with appellees is not void under the statute.

"It is clear that the legislature is precluded from exercising powers entrusted to the judiciary." *Maunus v. State Ethics Commission*, 518 Pa. 592, 594, 544 A.2d 1324, 1325 (1988), *citing, Kremer v. State Ethics Commission*, 503 Pa. 358, 469 A.2d 593 (1983); *Commonwealth v. Sutley*, 474 Pa. 256, 378 A.2d 780 (1977). Our state constitution mandates that:

The Supreme Court shall have the power to prescribe general rules ... for admission to the bar and to practice law.... All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Pa. Const. Art. 5 § 10(c).

We acknowledge, preliminarily, that our Supreme Court has never fully clarified what constitutes the "practice of law" under Art. 5 § 10. *See Pennsylvania Public Utility Commission Bar Association v. Thornburgh*, 62 Pa. Commw. 88, 434 A.2d 1327 (1981), *aff'd* 498 Pa. 589, 450 A.2d 613 (Hutchinson, J., dissenting) (hereinafter *"PUC"*). Commonwealth Court decisions subsequent to *PUC*, nonetheless, have opined as follows:

The provision of the Pennsylvania Constitution which records the power of the Supreme Court to prescribe general rules for admission to and regulation of the bar, Article V, Section 10(c), has been held to include "the continuous monitoring of the practice of law." *Cantor v.*

*Supreme Court of Pennsylvania,* 353 F.Supp. 1307, 1316, n. 21 (E.D.Pa.1973)[.]

Included in that "regulated" conduct of attorneys which falls well within the ambit of the constitutionally discrete power of the judiciary is the fee charged by lawyers. As early as 1793, the courts of this Commonwealth were addressing such issues. *See, Breckenridge v. McFarland,* Addison Reporter 49 (1793). More recently, in *Schlesinger v. Teitelbaum,* 475 F.2d 137, 141 (3rd Cir. 1973), *cert. denied* 414 U.S. 1111, 94 S.Ct. 839, 38 L.Ed.2d 737 (1973), the Federal Appeals Court noted that "in its supervisory power over the members of its bar, a court has jurisdiction of certain activities of such members, *including the charges of contingent fees."* (Emphasis added.) We conclude that Section 604(a) [1] infringes upon the exclusive power of courts of this Commonwealth to govern the activities of attorneys relative to their contingent fee agreements, and is thus unconstitutional.

*Heller v. Frankston,* 76 Pa.Commw. 294, 303, 464 A.2d 581, 586 (1983). *See also Kury v. State Ethics Commission,* 62 Pa.Commw. 174, 435 A.2d 940 (1981) (Provision of the Ethics Act, 65 P.S. § 403(e), that no former employee shall represent anyone before the governmental body with which he has been associated for one year after he leaves that body is an impermissible regulation of the conduct of attorneys by the legislature in an area reserved by the Constitution to the Supreme Court.).

Although never specifically addressed by any court in this Commonwealth, we find no appreciable distinction between the intrusion by the legislature in the instant case and those

---

**1.** The Act provides as follows:
Attorney's fees
(a) When a plaintiff is represented by an attorney in the prosecution of his claim the plaintiff's attorney fees from any award made from the first $100,000 may not exceed 30%, from the second $100,000 attorney fees may not exceed 25%, and attorney fees may not exceed 20% on the balances of any award.
(b) A plaintiff has the right to elect to pay for the attorney's services on a mutually satisfactory per diem basis. The election, however, must be exercised in written form at the time of employment. 40 P.S. § 1301.604.

delineated *supra.* While we acknowledge that the legislature through its police power may legislate except where such legislation has been prohibited, even a statute enacted pursuant to the legislature's police power must be struck down if it is found to interfere with another branch of government. *Heller, supra,* 76 Pa.Commw. at 298–300, 464 A.2d at 584.

Regarding 42 Pa.C.S.A. § 7101, it is important to note that our Supreme Court historically has regulated attorneys' conduct through, first, the Code of Professional Responsibility and, subsequently, the Rules of Professional Conduct and the Rules of Disciplinary Enforcement, which state:

> The Supreme Court declares that it has inherent and exclusive power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania) . . .

Pa.R.D.E. 103. Moreover, it is settled that " . . . regulating the bar and disciplining lawyers are judicial functions 'protected against legislative incursion. . . .' " *Heller, supra,* at 302, 464 A.2d at 585, *quoting In re 42 Pa.C.S. § 1703,* 482 Pa. 522, 530, 394 A.2d 444, 449 (1978). While we appreciate our legislature's deep concern and emphasize that *we by no means condone the behavior challenged herein,* we find, based upon the foregoing, that 42 Pa.C.S.A. § 7101 constitutes an impermissible legislative interference with the responsibilities of the judiciary. We conclude, therefore, that 42 Pa.C.S.A. § 7101 is an unconstitutional infringement on the exclusive power of our Supreme Court to supervise the conduct of attorneys in the Commonwealth.

Accordingly, we hold that the trial court erred in sustaining appellees' preliminary objections in the nature of a demurrer based upon 42 Pa.C.S.A. § 7101. The order of the trial court is reversed and case remanded for proceedings consistent with the Pennsylvania Rules of Civil Procedure. Jurisdiction is relinquished.