**C.P.C., Esq., Petitioner,**

v.

**STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1997.

Decided July 22, 1997.

Amy L. Putnam, Harrisburg, for petitioner.

John J. Contino, Harrisburg, for respondent.

Before COLINS, President Judge, KELLEY, J. (P.), and LORD, Senior Judge.

KELLEY, Judge.

C.P.C., Esquire (CPC) appeals, by permission, from an interlocutory order of the State Ethics Commission (Commission) which: (1) denied a motion in the form of a preliminary objection filed by CPC to a complaint filed by the Investigative Division of the Commission; (2) directed CPC to file an answer to the complaint; (3) denied a request by CPC for a wrongful use of act review; and (4) determined that its order would not be publicly released.[1]

1. On July 30, 1996, CPC filed with this court a petition for review in the nature of a complaint for declaratory judgment and for injunctive relief and prohibition which is addressed to this court's original jurisdiction. On August 29, 1996, the Commission filed preliminary objections to the complaint. On September 13, 1996, CPC filed

an answer to the Commission's preliminary objections and raised a preliminary objection in the form of a motion to strike the Commission's preliminary objections. These preliminary objections are the subject of a parallel proceeding, *C.P.C., Esq. v. Pennsylvania State Ethics Commis-*

CPC is a member of the Pennsylvania Bar and has been licensed to practice law in this Commonwealth since 1982. From January 1992 until November 1993, CPC served as the solicitor for the Borough of Throop (borough). CPC was appointed borough solicitor by a unanimous vote of the Throop Borough Council (Borough Council).

On December 27, 1995, the Investigative Division of the Commission issued a complaint to CPC. The complaint related to alleged violations of section 3(a) of what is commonly referred to as the State Ethics Act (Ethics Act)[2] by CPC while he was serving as borough solicitor. The complaint alleged that CPC violated the Ethics Act when: (1) he used the authority of his office to obtain a private pecuniary benefit for himself and/or a business with which he was associated; (2) he advised Borough Council to release funds from a borough-controlled escrow account to the Throop Property Owners Environmental Trust Fund (Fund) for the benefit of the Throop Property Owners Association (Association) at a time when he knew, or should have known, that he would be appointed solicitor for the Fund and/or Association and receive compensation therefrom; (3) he advised Borough Council to pay legal fees and/or court costs to the Association and/or turn the borough's control of the Fund over to the Association at a time when he was being compensated to serve as solicitor for the Fund and/or the Association and at a time when the Association was considering legal action against the borough; and (4) he billed and was paid by the borough for legal services which had already been paid by the borough through a separate agreement.

On February 26, 1996, CPC filed with the Commission a motion in the form of a preliminary objection to the complaint. CPC asserted that the Commission has no jurisdiction over the ethical behavior of members of the Pennsylvania Bar who are part-time borough solicitors. Rather, he argued that the power to investigate and prosecute the activities of attorneys is exclusively vested in our Supreme Court. CPC also asserted that his due process rights were violated because the Commission did not provide him with any notice that it intended to exercise jurisdiction over borough solicitors. CPC asked the Commission to hear evidence and then dismiss the complaint for lack of subject matter jurisdiction, issue an opinion as to its alleged jurisdiction over part-time solicitors, provide him with a full evidentiary hearing should one be necessary, and appoint an objective reviewer to determine whether any person had initiated the proceeding against him in violation of the law.

By amended interlocutory order dated July 3, 1996, the Commission (1) denied, without prejudice, CPC's motion in the form of a preliminary objection; (2) directed CPC to file an answer to the complaint; (3) denied, without prejudice, CPC's request for a wrongful use of act review; (4) determined that its order would not be publicly released; and (5) stated that its order involved a controlling question of law for which an immediate appeal would be appropriate. All proceedings before the Commission were stayed. CPC then filed with this court a petition for permission to appeal which was granted.

On October 3, 1996, CPC filed with this court a motion which requested, *inter alia*, that the appellate record in this case be sealed from public inspection. By order dated October 18, 1996, this court granted the motion to seal the record from public inspection, but stated that such a determination should be reconsidered by the court at the conclusion of oral argument in this case.

In this appeal, CPC raises the following issues for our review: (1) whether the Commission lacks jurisdiction to file, prosecute

---

*sion* (735 M.D.1996), and were argued seriately with the present case.

**2.** Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. § 403(a). Section 3(a) of the Ethics Act provides that "[n]o public official or public employee shall engage in conduct that constitutes a conflict of interest." Section 2 of the Ethics Act defines a "conflict of interest" as "[u]se by a public official or public employee of the authority of his office or employment or any confidential information received through his holding public office or employment for the private pecuniary benefit of himself, a member of his immediate family or a business with which he or a member of his immediate family is associated." 65 P.S. § 402.

and decide a complaint alleging a conflict of interest under section 3(a) of the Ethics Act against a member of the Pennsylvania Bar who is appointed to be a borough solicitor; (2) whether the Commission's refusal to hold a hearing on the issue of CPC's jurisdictional claim constitutes a denial of his due process rights; and (3) whether the facts in this case are sufficient to warrant granting the relief requested by CPC.

 Initially, we note that preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976).

CPC first asserts that the Commission had no jurisdiction over his conduct. He argues that only an attorney who is a salaried employee of a governmental agency or body on a full-time basis is governed by the provisions of the Ethics Act, the same as any other full-time, salaried public employee.

 It is clear that the General Assembly is precluded from exercising powers which have been entrusted to the judiciary. *Kremer v. State Ethics Commission*, 503 Pa. 358, 469 A.2d 593 (1983). Our Supreme Court has been given the authority to regulate the courts by Article V, Section 10 of the Pennsylvania Constitution which provides, in pertinent part, as follows:

(a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace....

\* \* \*

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for ... the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose.

Pursuant to this constitutional authority, our Supreme Court has adopted The Rules of Professional Conduct [3] and Rules of Disciplinary Enforcement,[4] both of which govern the professional and ethical conduct of attorneys admitted to practice in this Commonwealth. In particular, Pennsylvania Rule of Disciplinary Enforcement 103 [5] provides, in pertinent part, as follows:

The Supreme Court declares that it has inherent and exclusive power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania)....

Our Supreme Court has stated that adherence to the highest ethical standards by attorneys practicing in both the public and private sectors of this Commonwealth is the cornerstone of our legal system. *Maunus v. State Ethics Commission*, 518 Pa. 592, 544 A.2d 1324 (1988).

 In considering the extent to which the conduct of an attorney is governed by the provisions of the Ethics Act, our Supreme Court has held that a township and borough solicitor is neither a "public employee" nor a "public official" within the scope of the Ethics Act.[6] *Ballou v. State Ethics Commission*,

3. The Rules of Professional Conduct, which superseded the Code of Professional Responsibility, were adopted by our Supreme Court on October 16, 1987 and became effective on April 1, 1988.

4. The Rules of Disciplinary Enforcement were adopted on March 21, 1972 and became effective on November 1, 1972.

5. Pa.R.D.E. 103 was amended on February 2, 1984 and became effective on February 18, 1984.

6. Section 2 of the Ethics Act defines a "public employee" as "[a]ny individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to:

496 Pa. 127, 436 A.2d 186 (1981).[7] Our Supreme Court pointed out in *Ballou* that case law and the statutory language governing the duties of a borough solicitor[8] made it clear that a solicitor functioned as a legal advisor to an appointing body. *Id.* at 133, 436 A.2d at 189. The Supreme Court noted that it would be erroneous to conclude that because a solicitor was compensated by public funds, he was therefore employed by the Commonwealth. *Id.* Rather, by functioning as a legal advisor to the appointing body, the municipal solicitor closely resembled a consultant who performed professional or advisory services and received a fee or similar compensation for such services. *Id.* at 133–34, 436 A.2d at 189.

Our Supreme Court further stated in *Ballou* that, unlike a public employee, a solicitor had no enforceable right to continue in his position for the tenure of his appointment. *Id.* at 134, 436 A.2d at 189. The Supreme Court pointed out that our cases have held that, as a consequence of the solicitor's confidential relationship with the appointing body which he serves, the solicitor is removable at the will of the appointing power. *Id.* Even if appointed for a fixed term and salary and subsequently terminated, the solicitor has no contractual right to recover any resulting loss in compensation. *Id.*

Our Supreme Court also stated in *Ballou* that, unlike a public official, the solicitor is responsible only to the appointing body and may act only pursuant to that body's authorization. *Id.* The solicitor owes no independent duties to the public and exercises none of the powers of sovereignty. *Id.* Our Supreme Court concluded that where an attorney is retained as legal advisor to a municipal client which is itself directly accountable to the public and must authorize his actions, the exclusion of the attorney from the scope of the Ethics Act is appropriate because the attorney is neither a "public employee" nor a "public official." *Id.* at 135, 436 A.2d at 190.

We point out that the present case is distinguishable from *Maunus v. State Ethics Commission*, 518 Pa. 592, 544 A.2d 1324 (1988). In *Maunus*, two attorneys who had allegedly failed to comply with the financial disclosure requirements of the Ethics Act were employed by the Pennsylvania Liquor Control Board and had conceded that they were "public employees" within the meaning of the Ethics Act. Our Supreme Court concluded that, as salaried employees of a state

(1) contracting or procurement; (2) administering or monitoring grants or subsidies; (3) planning or zoning; (4) inspecting, licensing, regulating or auditing any person; or (5) any other activity where the official action has an economic impact of greater than a de minimis nature on the interests of any person." 65 P.S. § 402. Section 2 of the Ethics Act defines a "public official" as "[a]ny person elected by the public or elected or appointed by a governmental body, or an appointed official in the Executive, Legislative or Judicial Branch of the State or any political subdivision thereof...." *Id.*

7. We recognize that the specific issue in *Ballou* was whether a municipal solicitor was subject to the financial disclosure requirements set forth in section 4 of the Ethics Act, 65 P.S. § 404. Section 4 required the filing of a yearly statement of financial interests by public employees, public officials and candidates for public office. 65 P.S. § 404(a). While *Ballou* involved a different section of the Ethics Act than is at issue in the present case, we do not believe that this fact invalidates our Supreme Court's discussion of the functions of a municipal solicitor and its discussion of whether a municipal solicitor is a "public employee" or a "public official."

8. Section 1117 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46117, sets forth the duties of a borough solicitor. Section 1117 provides, in pertinent part, as follows:

(a) The borough solicitor, when directed or requested so to do by council or the mayor, shall prepare or approve such bonds, obligations, contracts, leases, conveyances, ordinances and assurances to which the borough or any department thereof may be a party; he shall commence and prosecute all actions brought by the borough for or on account of any of the estates, rights, trusts, privileges, claims, or demands, as well as defend all actions or suits against the borough, or any officer thereof, wherein or whereby any of the estates, rights, privileges, trusts, ordinances, or accounts, of the borough, or any department thereof, may be brought in question before any court in the Commonwealth; and shall do every professional act incident to the office which he may be authorized or required to do by the council or the mayor. He shall, whenever required, furnish the council, or committee thereof, the mayor, or the head of department, with his opinion in writing upon any question of law which may be submitted by any of them in their official capacities.

agency, these two individuals were not entitled to an exemption from the disclosure requirements of the Ethics Act simply because they were attorneys. *Maunus,* 518 Pa. at 599, 544 A.2d at 1327. The conduct of these two attorneys was governed by the provisions of the Ethics Act to the same extent as any other public employees. *Id.* at 597–98, 544 A.2d at 1326–27.

As clearly stated in *Ballou,* a borough solicitor, unlike the two attorneys in *Maunus,* is not a "public employee" within the scope of the Ethics Act. In accordance with our Supreme Court's conclusions in *Ballou* and *Maunus,* this court recently pointed out that *Ballou* is distinguishable from *Maunus* because the position of a municipal solicitor is different from the position of a salaried attorney who is employed by the government or a public agency. *P.J.S. v. Pennsylvania State Ethics Commission,* 669 A.2d 1105 (Pa. Cmwlth.1996).

In *P.J.S.,* this court noted that, because the *Maunus* decision held that section 4 of the Ethics Act required financial disclosure by salaried employees of the Commonwealth, and because that decision declined to overrule *Ballou* which exempts municipal solicitors from such disclosure requirements, the General Assembly chose to amend the Ethics Act in 1989 to specifically require such financial disclosure by solicitors. *Id.* at 1112. This court further noted that at the same time as the General Assembly amended the financial disclosure requirements of the Ethics Act, it also amended section 2 of the Ethics Act to include a definition of the term "solicitor." [9] *Id.* However, this court pointed out in *P.J.S.* that the General Assembly did not add or include "solicitors" in its definitions of "public employees" or "public officials" whose conduct is regulated by section 3 of the Ethics Act. *Id.* As such, this court stated that it could not conclude that it was clearly the General Assembly's intent to include "solicitors," who are not normally full-time public employees, but more like consultants, among the class of persons required to comply with the regulations regarding ethical and professional conduct under section 3 of the Ethics Act. *Id.*

In the present case, the Commission averred in its complaint that at the January 6, 1992 meeting of the Borough Council, CPC was appointed borough solicitor. Original Record, complaint, p. 4. The Commission included in its complaint excerpts of the invoices which were submitted by CPC to the borough for services rendered. *Id.* at 15–18. The Commission also averred in its complaint that CPC was required to provide the borough with an itemized accounting of the hours that he spent on any of his solicitor-related projects. *Id.* at 23.

Based upon our review of the pleadings in this case and our analysis of *Ballou, Maunus* and *P.J.S.,* we conclude that CPC's conduct is not governed by the provisions of the Ethics Act and that he is not subject to the jurisdiction of the Commission.[10] Accordingly, the order of the Commission is reversed with respect to its denial of CPC's preliminary objection to the Commission's complaint.[11]

### ORDER

NOW, this 22nd day of July, 1997, it is hereby ordered:

---

**9.** Section 2 of the Ethics Act defines a "solicitor" as "[a] person elected or appointed to the office of solicitor for the political subdivision."

**10.** We note that on July 3, 1997, this court issued its decision in *P.J.S. v. Pennsylvania State Ethics Commission,* 697 A.2d 286 (Pa.Cmwlth.1997) (*P.J.S.II* ), this court reiterated that the conflict of interest provisions of section 3 of the Ethics Act apply to solicitors who are public employees and not just on retainer. P.J.S. was hired as a full-time solicitor for the City of Erie, was placed on the City payroll, was paid a salary and received the same benefits as other employees of the City. Like the Commonwealth attorneys in *Maunus,* P.J.S.'s status with the City was that of an employee rather than a consultant on retainer or an independent contractor. Accordingly, this court determined that P.J.S. was a public employee who was covered by section 3 of the Ethics Act.

The present case is distinguishable from *P.J.S. II* in that CPC is not a full-time, salaried employee of the borough who receives the same benefits as other borough employees. Rather, CPC is a legal advisor or consultant on retainer to the borough. As such, his conduct is not covered by section 3 of the Ethics Act.

**11.** In light of our resolution of this issue, we need not address the other issues which have been raised by CPC in his appeal to this court.

1. The order of the State Ethics Commission, dated July 3, 1996, at No. 95–034–C2, is reversed with respect to its denial of a motion in the form of a preliminary objection filed by C.P.C., Esquire to a complaint filed by the Investigative Division of the Commission.

2. This case is remanded to the State Ethics Commission with instructions that the Commission dismiss the complaint filed against C.P.C., Esquire in accordance with the foregoing opinion.

3. In accordance with this court's order dated October 18, 1996, the record in this case shall remain sealed from public inspection.

Jurisdiction relinquished.