**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD A. KYLER, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EILEEN J. MYERS, AN INDIVIDUAL, WILLIAM G. MYERS, AN INDIVIDUAL AND AMY MYERS, AN INDIVIDUAL, AS TERRE TENANT | |
| APPEAL OF:  EILEEN J. MYERS | No. 536 WDA 2014 |

Appeal from the Order Entered March 3, 2014
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2012-342-CD

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 26, 2015**

Eileen J. Myers (Appellant) appeals from the order entered March 3, 2014, granting Edward A. Kyler, Jr. (Appellee) partial summary judgment in this land dispute.  We affirm.

In December 2011, Appellee purchased a home located at 38 Our Lane, located in Cooper Township, PA.  Our Lane is a private alley or street. On the opposite side of the alley reside Appellant and Ms. Amy Myers, Appellant's daughter.  Shortly after Appellee moved into his home, Appellant and her daughter began obstructing the alley, preventing Appellee from traversing Our Lane or otherwise accessing his driveway.

In March 2012, Appellee commenced this litigation, filing a complaint in two counts, seeking both injunctive relief and money damages.[1] Appellant timely responded *pro se* with an answer and counterclaim (later amended), asserting abuse of process and seeking fees, costs, and an unspecified sanction against Appellee. Following discovery, in December 2013, Appellee filed a motion for partial summary judgment on his claim for injunctive relief. In support of his motion, Appellee attached the results of land surveys, evincing that Appellant has no ownership interest in the alley. **See** Appellee's Motion for Partial Summary Judgment, Exhibits B & C. Appellant timely responded to the motion but failed to supplement the record with evidence supporting an ownership interest.

In March 2014, the trial court granted Appellee's motion and issued an order, permanently enjoining Appellant and her daughter from "hindering, obstructing, or interfering in any way with the use by [Appellee] … of the sixteen (16') feet wide private alley known as 'Our Lane.'" Trial Court Opinion and Order, 03/03/2014, at 7. The Court did not address either Appellant's second claim or Appellee's counterclaim.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

---

[1] Contemporaneously, Appellee sought and was granted a preliminary injunction, directing Appellant and her daughter to refrain from blocking Appellee's access to Our Lane.

Appellant raises the following issues on appeal:

[1.] Whether the trial court erred by granting Appellee's motion for partial summary judgment[,] ruling that there was no genuine issue of material fact, effectively disposing of all substantive issues in favor of [] Appellee.

[2.] Whether the trial court erred by granting Appellee's motion for partial summary judgment[,] making the previously entered preliminary injunction[] permanent, without affording Appellant a trial on the merits.

Appellant's Brief at 4.

Preliminarily, we must address our jurisdiction to entertain this appeal. *See Riley v. Farmers Fire Ins. Co.*, 735 A.2d 124, 127 (Pa. Super. 1999) ("[T]he appealability of an order is a question of jurisdiction and may be raised *sua sponte*."). Appellant asserts, without explanation or clarification, that we have jurisdiction pursuant to 42 Pa.C.S. § 5105(c) ("There shall be a right of appeal from such interlocutory orders … as may be specified by law."). *See* Appellant's Brief at 1. Appellee does not challenge this assertion.

"Few legal principles are as well settled as that an appeal properly lies only from a final order unless otherwise permitted by rule or statute." *Malanchuk v. Sivchuk*, 106 A.3d, 789, 792 (Pa. Super. 2014) (*en banc*) (quoting *G.B. v. M.M.B.*, 670 A.2d 714, 717 (Pa. Super. 1996) (*en banc*)); *see also* 42 Pa.C.S. § 742; Pa.R.A.P. 341. An appeal may be taken as of right from an interlocutory order granting injunctive relief. *See Pa.*

***Orthopaedic Soc'y v. Independence Blue Cross***, 885 A.2d 542, 547 (Pa. Super. 2005); Pa.R.A.P. 311(a)(4).

Here, the order appealed from is interlocutory, as it did not dispose of all claims before the trial court. **See** Pa.R.A.P. 341(b). Nevertheless, the March 3, 2014 order granted Appellee permanent, injunctive relief. Accordingly, we have jurisdiction to entertain this appeal. ***See Pa. Orthopaedic Soc'y***, 885 A.2d at 547; Pa.R.A.P. 311(a)(4).

In her first issue, Appellant asserts that the trial court erred in granting Appellee's motion for partial summary judgment. We review an order granting summary judgment in the following manner:

> Summary judgment may be granted only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The scope of review of an order granting summary judgment is plenary. The standard of review provides we reverse the trial court's order only where the court committed an error of law or clearly abused its discretion. To the extent the issues before us are questions of law, our standard of review is *de novo*; thus, we need not defer to the lower court's determinations.

***Belden & Blake Corp. v. Commonwealth, Dep't of Conservation & Natural Res.***, 969 A.2d 528, 531 (Pa. 2009) (citations and quotation marks omitted).

Appellant's argument is twofold. First, according to Appellant, she has maintained control over the private alley known as "Our Lane" for approximately forty years. Moreover, Appellant asserts an ownership

- 4 -

interest in the alley, allegedly established through a chain of title extending in excess of one hundred years.

The record does not support Appellant's assertions. In support of Appellee's motion for partial summary judgment, he attached maps, prepared from land surveys commissioned by Appellant, establishing that Appellant has no ownership interest in the alley. There is no contrary evidence of record.

Second, Appellant contends the trial court erred by requiring her to prove her ownership interest, rather than first examining whether Appellee established his right to a prescriptive easement over the alley. Appellant cites in support *Canon Bros., Inc. v. D'Agostino*, 514 A.2d 614, 617 (Pa. Super. 1986) ("[A] plaintiff must rely upon the strength of his or her own title or other legal right to the property, and not upon the weakness of the title or legal right asserted by the defendants.").

We do not dispute the authority cited by Appellant. This argument is not persuasive, however, in light of the evidence of record. Indeed, we reiterate that the *only* evidence of record supports Appellee's basic premise: Appellant has no ownership interest in the alley and, therefore, no right to hinder Appellee's use of it. Accordingly, we discern no abuse of the trial court's discretion and no error of law.

In her second issue, Appellant contends that the trial court erred in granting Appellee's motion by "making the previously entered preliminary

injection[] permanent, without affording Appellant a trial on the merits."
Appellant's Brief at 11.  Appellant's argument is without merit.  Summary judgment is an appropriate remedy where a party seeks injunctive relief. *See, e.g.*, *P.J.S. v. Pa. State Ethics Comm'n*, 697 A.2d 286, 288 n.5 (Pa. Cmwlth. 1997).  As concluded by the trial court:

> [A] trial would have been a futile exercise.  There was no issue of material fact left to litigate, and based upon the record before the [c]ourt, [Appellee] was entitled to judgment in his favor.

Trial Court Opinion, 05/01/2014, at 3.  Accordingly, we discern no error.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2015